```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

LOUISE BOSWORTH                *        CIVIL ACTION

VERSUS                         *        NO: 06-9517

ST. PAUL TRAVELERS INSURANCE   *        SECTION: "D"(2)
COMPANY, ET AL
```

### ORDER AND REASONS

Before the court is the **"Motion to Remand"** filed by Plaintiff, Louise Bosworth.  Defendant, The Standard Fire Insurance Company, filed a memorandum in opposition.  The motion, set for hearing on Wednesday, February 7, 2007, is before the court on briefs, without oral argument.[1]  Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be denied.

### I.  Background

In this Katrina-related matter, suit was initially filed suit (on August 28, 2006) in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, purportedly on behalf of

---

[1] This matter was initially assigned to Section "N" of this court, then it was reassigned to Section "C," and now it has been reassigned to this Section "D."

Plaintiff Louise Bosworth.  However, this named Plaintiff died even before this suit was filed.[2]

It is alleged in this Petition that Hurricane Katrina caused Bosworth's home to sustain substantial damage from wind and rain. The Petition names as Defendants: Bosworth's alleged homeowner's insurer (The Standard Fire Insurance Company, incorrectly referred to as St. Paul Travelers Insurance Company in Plaintiff's Petition); and a non-diverse Defendant, the Autin-Cohen Insurance Agency, Inc.  The Petition alleges that Standard Fire failed to pay the amount due under the subject homeowner's policy, and the Autin-Cohen Insurance Agency, Inc. "failed to properly and accurately advise plaintiff of applicable exclusions in her policy." (Petition at ¶VII).

Standard Fire removed the matter to this court on the basis of diversity jurisdiction, claiming that the non-diverse Defendant, Autin-Cohen Insurance Agency, Inc., was improperly or fraudulently joined.[3]  In the Motion to Remand, it is argued that Standard Fire

---

[2]   In opposition to Plaintiff's Motion to Remand, Defendant Standard Fire Insurance Company, attached the Death Certificate of "Louise Elizabeth Bosworth" which indicates that Louise Elizabeth Bosworth died on **November 5, 2005**.

[3]   In its removal papers, Standard Fire also contends that the court has jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA), 28 U.S.C. §1369.  However, Standard Fire has abandoned this jurisdictional basis in its opposition to Plaintiff's Motion to Remand.  For completeness of the record, the court finds that the MMTJA does not confer federal jurisdiction in this case, because as the Eastern District has consistently found, Katrina is not an "accident" within the meaning of the

2

cannot meet its burden of showing that: (1) the jurisdictional amount is satisfied; and (2) the Autin-Cohen Insurance Agency, Inc. was improperly or fraudulently joined. The court rejects these arguments for reasons discussed below.

## II. Legal Analysis

### A. Jurisdictional Amount

In the Petition for Damages, it is alleged that while "Plaintiff"[4] has received $73,656.86 from Standard Fire, "unreasonable offers have left plaintiff in severe and extreme financial hardship." (Petition at ¶VI). The subject homeowner's policy has limits of $132,000 for dwelling, $26,400 for loss of use, $92,400 for personal property, and $13,200 for other structure. (*See* Grissom Affidavit, Doc. 14-4). Further, "Plaintiff's" alleged contractor, Coastal Construction, Inc., has submitted an estimate for repairs and an alleged list of lost contents, totaling $201,129.54. (*See* Coastal Report attached to Notice of Removal). Finally, a demand for statutory penalties (under LSA-R.S. 22:6598 and LSA-R.S. 22:1220) is made in the Petition for Damages, at ¶X. Thus, the court concludes that the

---

MMTJA. Further, there is no basis for piggy-back jurisdiction under 28 U.S.C. §1441(e)(1).

[4] Any reference to "Plaintiff" is made parenthetically as it is undisputed that the named "Plaintiff" died even before this suit was filed. *See* fn. 2, *supra.*

amount in controversy exceeds $75,000, exclusive of interest and costs.

### B. Improper Joinder of Autin-Cohen Insurance Agency, Inc.

At the outset, the court finds that because "Plaintiff" is deceased and this the suit is not brought on behalf of her estate, there is no cause of action properly asserted against the Autin-Cohen Insurance Agency, Inc. Further, even if a cause if action was asserted against the Autin-Cohen Insurance Agency, Inc. by the proper Plaintiff, the court finds that any such cause of action would be perempted under LSA-R.S. 9:5606, which provides in pertinent part:

> A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, **in all events such actions shall be filed at the latest within three years from the data of the alleged act, omission, or neglect.**
>
> . . .
>
> D. The one-year and three-year periods of

4

>    limitation provided in Subsection A of
>    this Section are peremptive periods
>    within the meaning of Civil Code Article
>    3458 and, in accordance with Civil Code
>    Article 3461, may not be renounced,
>    interrupted, or suspended.

LSA-R.S. 9:5606 (emphasis added).

Standard Fire has submitted the Affidavit of Monica Grissom, a Technical Specialist for Standard Fire, who attests in part that:

> 5. The [subject] Policy has an **original effective policy period of July 16, 1996 to July 16, 1997.**
>
> 6. Thereafter, the Policy was renewed for several years, the most recent Policy renewal prior to Hurricane Katrina being from July 16, 2005, to July 16, 2006.
>
> 7. Since the original issuance of the Policy there have been automatic increases in coverage amounts mandated by the terms of the Policy. However, none of the various renewals of the Policy affected any substantive or material restrictions in the coverage provided by the original Policy and specifically the Policy has always contained a flood exclusion provision.

(*See* Grissom Affidavit, Doc, No. 14-4, ¶¶5-7).

The court concludes that the alleged wrongful act of the Autin-Cohen Insurance Agency, Inc. (i.e., failing to "properly and accurately advise plaintiff of the applicable exclusions in her

policy")[5] occurred in July 1996, when the subject policy was originally purchased.  Thus, the three-year peremptive period commenced in July 1996, and because suit was filed more than 10 years later (on August 28, 2006), any claim asserted against the Autin-Cohen Insurance Agency, Inc. is perempted.

Further, subsequent renewals of insurance policies do not restart the prescriptive period on torts *committed at the time of the initial purchase*.  *Biggers v. Allstate Ins. Co.*, 886 So. 2d 1179, 1182 (La. App. 5th Cir. 2004)(italics added).  For "each renewal to be the basis of a separate tort, the complained of conduct must consist of separate and distinct acts, each of which give rise to immediately apparent damages."  *Id. quoting Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So. 2d 377, 382 (La. App. 1st Cir. 2003).

Here, there are no specific allegations in the Petition against the Autin-Cohen Insurance Agency, Inc. pertaining to the renewal of the subject policy.  Further, the post-removal Affidavit of **Louise Bosworth**, attached to the subject Motion to Remand, is obviously fraudulent since Louise Bosworth is deceased.[6]  And the more recently-filed Affidavit of **Louise E. Bosworth** (purportedly

---

[5] Petition at ¶VII.

[6] *See* fn. 2, *supra.*

the daughter of the insured) is rank hearsay.  (*See* Affidavit of Louise E. Bosworth, Doc. No. 18, filed on 1/31/07).

Accordingly;

**IT IS ORDERED** that Plaintiff's **Motion to Remand** be and is hereby **DENIED.**

New Orleans, Louisiana, this **26th** day of **February, 2007.**

_____
A.J. MCNAMARA
UNITED STATES DISTRICT JUDGE